IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § | Consolidated Case No. A:05CA181 SS [Related Case Nos. |
| *Plaintiff*, | § § | A:05CA198 SS A:05CA333 SS] |
| v. | § § | |
| BENQ AMERICA CORP., ET AL., | § § | JURY DEMANDED |
| *Defendants*. | § § § | The Honorable Sam Sparks |

## PARTIALLY AGREED MOTION FOR ENTRY OF FINAL JUDGMENT

On April 9, 2007, the Court entered an Order on Motorola's Motion for Summary Judgment for Non-Infringement of United States Patent No. 4,674,112 [Doc. No. 484]. The Court set a deadline of April 25, 2007 for other Defendants to file motions for summary judgment on the same basis. The Board of Regents and Defendants have agreed to the attached Stipulation to Entry of Final Judgment of Non-Infringement. Pursuant to the Stipulation, the parties hereby move the Court for: (1) entry of final judgment of non-infringement of U.S. Patent No. 4,674,112 against Plaintiff and in favor of all remaining Defendants; (2) dismissal of Defendants' counterclaims without prejudice; and (3) termination of this action.

### AWARD OF COSTS

The only issue on which the parties differ is whether (and if so, then to what extent) the Court should award costs. In the interests of brevity, the parties have submitted their respective positions, but will further brief the issue should the Court so desire.

**Plaintiff's Position:**

The Court should direct that "all costs are to be borne by the party incurring same." Plaintiff submits that it is more efficient to dispose of the costs issue now rather than postpone the debate for further post-judgment motion practice before the Court. The Court has ample discretion under Rule 54(d) to direct the parties to bear their own costs. *Hall v. State Farm Fire & Cas. Co.* 937 F.2d 210 (5th Cir. 1991). Apportionment of costs among all parties is appropriate where, as here, both sides have indicated their intent to appeal certain adverse rulings of the Court. The Federal Circuit has made clear that the award of costs to a prevailing party is a procedural matter not unique to patent law; therefore the regional circuit law governs the review of the district court's determinations regarding costs. *Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1357 (Fed. Cir. 2002). Indeed, irrespective of the prevailing party analysis, the *Power Mosfet Tech., LLC v. Siemens AG* case makes clear that as to an actual decision regarding an award of costs, the Federal Circuit must look to the regional circuit law. 378 F.3d 1396, 1407 (Fed. Cir. 2004). Thus, in this case, the Court should apply the law of the Fifth Circuit in determining whether to award costs to Defendants.

The Fifth Circuit recently set forth the factors under which courts have justified withholding costs from a prevailing party. In addition to good faith on the part of the Plaintiff, these factors include: (1) close and difficult legal issues presented; (2) misconduct by the prevailing party; (3) the prevailing party's enormous financial resources; (4) the losing party's financial resources; and (5) substantial benefit conferred to the public. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006); *see also, Rodriguez v. Potter*, Civ. No. SA-04-CA-1194-FB, 2006 U.S. Dist. LEXIS 94598, at * 6 (W.D. Tex. Oct. 30, 2006) (applying *Pacheco*). Courts have held that good faith and one or more of the other factors listed in *Pacheco* are sufficient to deny costs to the prevailing party. *Pacheco*, 448 F.3d at 794 (discussing every case citation to Wright and Miller); *Moody Nat'l Bank v. GE Life and Annuity Assurance Co.*, 423 F. Supp. 2d 651, 652 ("First, the Court refused to award costs to GELAAC because the case involved close questions of law and because the Court found that Moody Bank brought suit in good faith."); *Aguilar v. Arthritis Osteoporosis Center*, Civ. No. M-03-243, 2006 U.S. Dist. LEXIS 60505, at *34-35 (good faith

coupled with close and difficult legal issues); *Virginia Panel Corp. v. Mac Panel Co.,* 203 F.R.D. 236, 238 (W.D. Va. 2001) (Good faith litigation by the losing party, along with close and difficult legal issues and bad conduct by the prevailing party, has been sufficient to support denying an award of costs). Furthermore, delay during discovery that unnecessarily extends time to resolve the action can also help justify denying costs. *Moody,* 423 F. Supp. 2d at 652.

These factors are highly applicable in this case and, as such, the Court has overwhelming grounds on which to base an order denying costs to Defendants. Plaintiff brought this case in good faith. This is evidenced at least by the fact that the majority of the Court's rulings to date have been in Plaintiff's favor. This case certainly qualifies as one presenting close and difficult legal issues. For example, the Court issued a 42-page order on claim construction, which speaks to the complexity of the claims and issues in this case. The two factors regarding financial resources weigh heavily in Plaintiff's favor. Plaintiff has substantially limited financial resources, especially when compared to the nearly thirty remaining Defendants, many of whom constitute the world's largest sellers and/or manufacturers of mobile phones. These Defendants were and are financially backed by AOL/Time Warner, which according to its financial reports, earned $44.2 billion in revenue last year. An investigation of the costs incurred in this case would reveal that AOL/Time Warner has paid many of the costs. In fact, it is Plaintiff's belief that AOL/Time Warner explicitly indemnified the majority of the Defendants and retained the expert witnesses in this matter. As such, it cannot be heard to avoid having its financial resources factor into the assessment of costs in this case.

In addition, the majority of the costs in this matter were expended in discovery relating to Defendants' assertion of invalidity. And with regard to the extensive infringement-related discovery that has taken place, had Defendants agreed to stipulate early in the litigation to the designation of exemplars as Plaintiff repeatedly requested, the associated costs for all parties would have been greatly reduced. Courts have also denied costs where the party seeking them was responsible for the delay that has resulted in increased costs. Here, Defendant Motorola's motion as to syllabic elements should have been brought

within thirty days of the Court's July 28, 2006 order as it relates to claim construction issues. Instead, Defendants waited until well beyond the Court's deadline, and significant costs were incurred during and since the delay. Further, in an effort to reduce the parties' expenses, minimize the burdens on the Court, and expedite an appeal, Plaintiff proposed entering into the Stipulation filed today, which obviates the need for further summary judgment briefing as to the remaining Defendants and accused devices.

Moreover, Defendants should not be considered "the prevailing party" with respect to the majority of the issues on which the Court has ruled. For example, the Court denied Defendant Motorola's Motion for Summary Judgment for Non-Infringement of U.S. Patent No. 4,674,112 with regard to binary code and granted summary judgment in favor of The Board of Regents That The Minneman Thesis Does Not Constitute Prior Art [Doc. No. 484]. The Court denied Defendants' Motion for Summary Judgment for Invalidity of U.S. Patent No. 4,674,112 and denied all of Defendants' objections to the Special Master's claim construction recommendation [Doc. No. 266]. And the Court denied Defendant Kyocera Wireless' Motion for Summary Judgment for Invalidity under 35 U.S.C. §112 [Doc. No. 389]. While the Court need not base its determination solely on a count of the issues, nevertheless, the Court should recognize that Plaintiff prevailed on a substantial number of issues.

**Defendants' Position:**

Under Rule 54(d), Defendants as prevailing parties are entitled to costs "as of course." Based on the Court's Order granting summary judgment of non-infringement as to Motorola's handsets T720 and i205, judgment will be entered in favor of all Defendants in this case. Defendants therefore enjoy a strong presumption that they are entitled to an award of costs.

Whether a party is "prevailing" for purposes of Rule 54 is a matter of Federal Circuit law. *Power Mosfet Tech., LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004). "Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." *See Brooks Mfg., Inc. v. Dutalier Int'l, Inc.*, 393 F.3d 1378,

1381 (Fed. Cir. 2005). Where a defendant receives a judgment of non-infringement, it is the prevailing party even though the patent claims were not ruled invalid. *Id.*

The Plaintiff's objective in bringing this litigation was to obtain a judgment of patent infringement. Even though it prevailed on some motion practice, it failed in this goal. Nor did it obtain a judgment that its patent was valid. Neither the Court nor a jury ever reached the factual issue of whether the '112 patent is valid or enforceable. The Defendants' objective, on the other hand, was to avoid liability, which it fully achieved. The Defendants therefore achieved their overall goals for this litigation, whereas Plaintiff did not. *Cf. Kinzenbaw v. Case, LLC*, No. 05-1483, 2006 WL 1096683 (Fed. Cir. Apr. 26, 2006) (where defendant obtained judgment of noninfringement and avoided liability, it was the prevailing party).

Plaintiff apparently concedes that Defendants are the prevailing parties with respect to the merits of this litigation, but contends that it prevailed on the "majority of the issues on which the Court has ruled." Whether a party prevails on discrete issues is not the law in any court, and Plaintiff cites no authority for that proposition. Under the *Brooks Manufacturing* standard, a court must look at which side achieved its overall objectives. In this case, it cannot be disputed that Defendants, by obtaining a judgment of no liability, meet that standard. Indeed, the facts of *Brooks Manufacturing* and *Kinzenbaw* are nearly identical in all respects and establish that Defendants are prevailing parties.

Once the prevailing party has been determined, a court must determine whether to exercise its discretion to permit or deny the presumed award of costs. This decision is governed by the law of the regional circuit. *Power Mosfet Techs.*, 378 F.3d at 1416. The Fifth Circuit "applies a strong presumption that costs will be awarded." *Id.* (citing *Schwarz v. Folloder*, 767 F.3d 125, 131 (5th Cir. 1985)). The Fifth Circuit considers a denial of costs "in the nature of a penalty for some defection on his part in the course of the litigation" that requires, at a minimum, a statement of reasons. *Schwarz*, 767 F.2d at 131. Accordingly, the denial of costs is only appropriate where "there would be an element of injustice in a cost award." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

Plaintiff cites *Pacheco v. Mineta* for the proposition that a district court may deny an award of costs based on a laundry list of factors, including the losing party's good faith and the prevailing party's financial resources. The *Pacheco* Court stated, however, that it provided this list "only for the purpose of exposition" without "decid[ing] whether any of these is sufficient reason to deny costs." *Id.* at 794 n.18. The *Pacheco* Court in fact held that the losing party's good faith alone did not justify denying an award of costs. *Id.* at 795. Because all parties have an obligation to litigate in good faith, a rule to the contrary would eliminate Rule 54's presumption in favor of awarding costs to the prevailing party. *Id.*

Plaintiff attempts to bolster its argument by contending that Defendants are financially in a stronger position to bear the costs of litigation. The losing party bears the burden of rebutting the presumption in favor of an award of costs, yet Plaintiff presents no evidence concerning any of the parties' financial resources. Plaintiff cites to Time Warner's reported revenues, but Time Warner is not a defendant in this case. Plaintiff's argument that the Defendants are "financially backed by AOL/Time Warner [sic]" and that Time Warner "explicitly indemnified the majority of the defendants and retained the expert witnesses" is inaccurate and wholly unsupported.

In any event, it is indisputable that Plaintiff is capable of fulfilling its obligation to pay costs. *Cf. Rodriguez v. Potter*, No. CIV.A. SA04CA1194-FB, 2006 WL 3779780 (W.D. Tex. Oct. 30, 2006) (losing party who made less than $60,000 a year capable of bearing costs in litigation against Postal Service). As "one of the largest employers in the state," UT employs over 80,000 faculty and staff and has 15 campuses. In FY 2007, the UT System had a budget of nearly $10 Billion ($9,997,500,000). It is funded in part from a Permanent University Fund or endowment of $10.313 billion and owns 2.1 million acres of land. From its endowment, it has an annual available funds of $357 million. In 2006, the Office of Technology Transfer reported that it had obtained 117 patents, executed 186 licenses and options, and netted a total gross revenue from intellectual property of $35.5 million. This information is obtained from Fast Facts 2007, published by the University of Texas.

Plaintiff also makes baseless allegations of litigation misconduct to justify its position. First, Plaintiff argues that Defendants should have filed their Motion For Summary Judgment of Non-Infringement within thirty days of the Court's July 28, 2006 Order, which instructed the parties to file summary judgment motions based "purely on the Court's Claim Construction rulings" within thirty days. Yet the Motion For Summary Judgment of Non-Infringement was based on the submission of substantial evidence concerning the accused devices, and therefore not based purely on the Court's claims construction ruling. Plaintiff had not yet even filed its infringement contentions at the time of the Court's ruling. Indeed, when Defendants did file their summary judgment motion, Plaintiff contended that it was premature and that they required additional discovery. [Dkt. # 400.]

Plaintiff argues that Defendants' refusal to stipulate that certain accused phones would serve as "exemplars" for all other accused phones necessitated avoidable discovery. Yet, this Court ruled that Plaintiff bore the burden of identifying exemplars. (*See* Transcript of July 27, 2006 Hearing 26:11-15 (instructing Plaintiff to file a pleading on exemplars).) Plaintiff cites no authority for the proposition that a defendant's refusal to stipulate to a fact upon which plaintiff bears the burden of proof constitutes litigation misconduct or supports the denial of fees. Finally, Plaintiff contends that its willingness to stipulate to a judgment of non-infringement weighs against awarding costs. Although the parties' stipulation preserves the resources of all concerned, it has no effect on the costs that Defendants have already incurred, which are the subject of the present dispute. Defendants therefore request that they be awarded their reasonable costs in defending this matter in an amount to be determined at a later date.

A proposed form of Final Judgment is submitted herewith.

Dated: April 25, 2007

Respectfully submitted,

*[signature]*

MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408
JEFFREY R. BRAGALONE
State Bar No. 02855775
GERALD B. HRYCYSZYN
State Bar No. 24043734
JENNIFER M. RYNELL
State Bar No. 24033025
SHORE CHAN BRAGALONE LLP
325 North Saint Paul Street-Suite 4450
Dallas, Texas 75201
214.593.9110 Telephone
214.593.9111 Facsimile

BARRY D. BURGDORF
State Bar No. 03376500
THE UNIVERSITY OF TEXAS SYSTEM,
OFFICE OF GENERAL COUNSEL
201 West 7th Street
Austin, Texas 78701
512.499.4462 Telephone
512.499.4523 Facsimile

OF COUNSEL FOR PLAINTIFF
THE BOARD OF REGENTS OF
THE UNIVERSITY OF TEXAS SYSTEM

KIM E. BRIGHTWELL
State Bar No. 02992700
BEVERLY G. REEVES
State Bar No. 16716500
PAUL SCHLAUD
State Bar No. 24013469
REEVES & BRIGHTWELL LLP
221 West 6th Street-Suite 1000
Austin, Texas 78701-3410
512.334.4500 Telephone
512.334.4492 Facsimile

ATTORNEYS FOR PLAINTIFF
THE BOARD OF REGENTS OF
THE UNIVERSITY OF TEXAS SYSTEM

*[signature]*

CHARLES K. VERHOEVEN
Cal. Bar No. 170151
KEVIN P. B. JOHNSON
Cal. Bar No. 177129
VICTORIA F. MAROULIS
Cal. Bar. No. 202603
JENNIFER A. KASH
Cal. Bar No. 203679
EVETTE D. PENNYPACKER
Cal. Bar No. 203515
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California St., 22nd Floor
San Francisco, California 94111
415.875.6600 Telephone
415.875.6700 Facsimile


COUNSEL FOR DEFENDANTS AUDIOVOX COMMUNICATIONS CORP., BENQ AMERICA CORP., CHI MEI COMMUNICATION SYSTEMS, INC., COMPAL COMMUNICATIONS, INC., CURITEL COMMUNICATIONS, INC., HTC CORP., HON HAI PRECISION INDUSTRY CO., LTD., KYOCERA WIRELESS CORP, LG ELECTRONICS MOBILECOMM U.S.A., INC., MOTOROLA, INC., NEC CORPORATION OF AMERICA, NOKIA, INC., PANASONIC CORP. OF NORTH AMERICA, SAMSUNG TELECOMMUNICATIONS AMERICA, LLP., SANYO NORTH AMERICA CORP., SENDO AMERICA INC., SHARP CORPORATION, SIEMENS COMMUNICATIONS, INC., SONY ERICSSON MOBILE COMMUNICATIONS, A.B, SONY ERICSSON MOBILE COMMUNICATIONS (U.S.A.), INC., UTSTARCOM INC.
*And*
RUSSELL HORTON
Texas Bar No. 10014450
KINCAID, HORTON & SMITH
106 E. 6th Street
Austin, TX 78701
512-499-0999 Telephone
512-499-0816 Facsimile

COUNSEL FOR DEFENDANTS COMPAL COMMUNICATIONS, INC., HTC CORP., LG ELECTRONICS MOBILECOMM U.S.A., INC., NEC CORPORATION OF AMERICA, SONY ERICCSON MOBILE COMMUNICATIONS, A.B, SONY ERICCSON MOBILE COMMUNICATIONS (U.S.A.), INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLP., SHARP CORPORATION, PANASONIC CORP. OF NORTH AMERICA
*and*
ALAN ALBRIGHT
Texas Bar No. 00973650
FISH & RICHARDSON, P.C.
111 Congress Ave., Suite 400
Austin, TX 78701
512.391.4928 Telephone
512.391.6837 Facsimile

COUNSEL FOR DEFENDANTS CURITEL COMMUNICATIONS, INC., SANYO NORTH AMERICA CORP., SENDO AMERICA INC., SIEMENS COMMUNICATIONS, INC.., UTSTARCOM INC., NOKIA, INC.,
*and*
WAYNE HARDING
Texas Bar No. 08978500
DEWEY BALLANTINE LLP
401 Congress Avenue, Suite 3200
Austin, TX 78701
512.226.0300 Telephone
512.226.0333 Facsimile

COUNSEL FOR DEFENDANTS BENQ AMERICA CORP., CHI MEI COMMUNICATION SYSTEMS, INC., HON HAI PRECISION INDUSTRY CO., LTD. AND MOTOROLA, INC.

*/s/ w/permission*

SHARON ISRAEL
Texas Bar No. 0078934
Mayer, Brown, Rowe & Maw LLP
700 Louisiana Street-Suite 3400
Houston, Texas 77002

COUNSEL FOR DEFENDANT KYOCERA WIRELESS CORP.

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Quinn Emanuel Urquhart Oliver & Hedges, LLP, 50 California St., 22F, San Francisco, CA 94111.

On **April 25, 2007**, I served true copies of the following document(s) described as follows on the parties in this action:

**STIPULATION TO ENTRY OF FINAL JUDGMENT OF NON-INFRINGEMENT**

**PARTIALLY AGREED MOTION FOR ENTRY OF FINAL JUDGMENT**

**PROPOSED FINAL JUDGMENT**

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from kevinsmith@quinnemanuel.com on **April 25, 2007**, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

Executed on **April 25, 2007**, at San Francisco, California.

_____
Kevin Smith

## SERVICE LIST

| | |
|---|---|
| MICHAEL W. SHORE - **VIA EMAIL**<br>ALFONSO GARCIA CHAN<br>GERALD B. HRYCYSZYN<br>JEFFREY R. BRAGALONE<br>SHORE CHAN BRAGALONE, L.L.P.<br>325 N. St. Paul Street, 44th Floor<br>Dallas, Texas 75201<br>shore@shorechan.com<br>hrycyszyn@shorechan.com<br><br>BARRY BURGDORF - **VIA EMAIL**<br>The University of Texas System,<br>Office of General Counsel<br>201 West 7th Street<br>Austin, Texas 78701<br>bburgdorf@utsystem.edu<br><br>KIM E. BRIGHTWELL - **VIA EMAIL**<br>BEVERLY G. REEVES<br>PAUL SCHLAUD<br>REEVES & BRIGHTWELL<br>221 W. 6th Street, Suite 1000<br>Austin, TX 78701<br>kbrightwell@reevesbrightwell.com<br><br>**COUNSEL FOR PLAINTIFF THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS** | RUSSELL HORTON - **VIA EMAIL**<br>Texas Bar No. 10014450<br>KINCAID, HORTON & SMITH<br>106 E. 6th Street<br>Austin, TX 78701<br>512-499-0999 Telephone<br>512-499-0816 Facsimile<br><br>**COUNSEL FOR DEFENDANTS COMPAL COMMUNICATIONS, INC., HTC CORP., LG ELECTRONICS MOBILECOMM U.S.A., INC., NEC CORPORATION OF AMERICA, INC., SONY ERICSSON MOBILE COMMUNICATIONS, A.B, SONY ERICSSON MOBILE COMMUNICATIONS (U.S.A.), INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLP, SHARP CORPORATION, PANASONIC CORP. OF NORTH AMERICA, AUDIOVOX COMMUNICATION CORP.** |

| | |
|---|---|
| ALAN ALBRIGHT - **VIA EMAIL**<br>Texas Bar No. 00973650<br>Fish & Richardson, P.C.<br>111 Congress Ave., Suite 810<br>Austin, TX 78701<br>512.391.4928 Telephone<br>512.391.6837 Facsimile<br><br>**COUNSEL FOR DEFENDANTS CURITEL COMMUNICATIONS, INC., SANYO NORTH AMERICA CORP., SENDO AMERICA INC., SIEMENS COMMUNICATIONS, INC., UTSTARCOM INC., NOKIA, INC.** | SHARON ISRAEL - **VIA EMAIL**<br>Texas Bar No. 00789394<br>MAYER, BROWN, ROWE & MAW LLP<br>700 Louisiana Street, Suite 3400<br>Houston, Texas 77002<br>713.238.2630 Telephone<br>713.238.4630 Facsimile<br><br>**COUNSEL FOR DEFENDANTS KYOCERA WIRELESS CORP.** |
| WAYNE HARDING - **VIA EMAIL**<br>Texas Bar No. 08978500<br>DEWEY BALLANTINE, LLP<br>401 Congress Avenue, Suite 3200<br>Austin, TX 78701<br>512.226.0300 Telephone<br>512.226.0333 Facsimile<br><br>**COUNSEL FOR DEFENDANTS BENQ AMERICA CORP., CHI MEI COMMUNICATION SYSTEMS, INC., HON HAI PRECISION INDUSTRY CO., LTD. AND MOTOROLA, INC.** | PATRICK FLINN - **VIA EMAIL**<br>GEORGE MEDLOCK<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309<br>404.881.7000 Telephone<br>404.881.7777 Facsimile<br><br>**COUNSEL FOR DEFENDANT NOKIA, INC.** |