IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BOARD OF REGENTS OF THE UNIVERSITY OF
TEXAS SYSTEM,
              Plaintiff,

-vs-

BENQ AMERICA CORP., HTC CORP., INNOSTREAM INC., KYOCERA WIRELESS CORP., LG ELECTRONICS MOBILECOMM U.S.A., INC., NEC USA, INC., NEC AMERICA, INC., SAGEM S.A., SANYO NORTH AMERICA CORP., SENDO AMERICA INC., SIEMENS COMMUNICATIONS, INC., SONY ERICSSON MOBILE COMMUNICATIONS AB, SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., and SPREADTRUM COMMUNICATIONS CORP.,
              Defendants.

Case No. A-05-CA-181-SS

## ORDER

BE IT REMEMBERED on the 2nd day of May 2007, the Court reviewed the file in the above-styled cause, and specifically the Partially Agreed Motion for Entry of Final Judgment [#487]. The Board of Regents and Defendants have agreed to a Stipulation to Entry of Final Judgment of Non-Infringement and they now move for: (1) entry of final judgment of non-infringement of U.S. Patent No. 4,674,112 against Plaintiff and in favor of all remaining Defendants; (2) dismissal of Defendants' counterclaims without prejudice; and (3) termination of this action. The only remaining issue on which the parties differ is the award of costs.

### Discussion

On April 9, 2007, this Court entered an Order on Motorola's Motion for Summary Judgment for Non-Infringement of United States Patent No. 4,674,112 [#484] granting the motion with regard

to the "syllabic element" limitation. Defendants now seek an award of costs as the prevailing parties and Plaintiff seeks an award that the parties shall bear their own costs.

Under Federal Rule of Civil Procedure 54, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "A trial judge has wide discretion with regard to the costs in a case and may order each party to bear his own costs." *Hall v. State Farm Fir & Cas. Co.*, 937 F.2d 210, 216 (5th Cir. 1991). "Reasons for the decision should be stated by the trial court when the prevailing party is not awarded costs. *Id.* at 216–17.

The Fifth Circuit has set forth the following reasons that may justify withholding costs from the prevailing party: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). "[C]ourts also deny costs if the losing party prosecuted the action in good faith." *Id.* (internal citations omitted). However, cases denying costs generally do so on the "basis of both the losing party's good faith and some other one or more of the factors listed above." *Id.*

The Court recognizes Defendants as the prevailing parties, but orders that each party shall bear its own costs because this case involved many close and difficult questions of law at both the claim construction and summary judgment stages of the case and because the Board of Regents brought suit in good faith. *See, e.g., Moody Nat'l Bank of Galveston v. GE Life & Annuity*, 423 F. Supp. 2d 651, 652 (S.D. Tex. 2003).[1] For example, the Court issued a 42-page order on claim construction, which

---

[1] An alternative basis on which the Court could easily justify withholding costs is the prevailing party's enormous financial resources. However, because of a lack of evidence regarding Defendants' financial resources the Court bases its decision on other factors.

speaks to the complexity of the issues in this case, and both parties have indicated their intent to appeal certain rulings of this Court. Several defendants have previously settled with Plaintiff and have been dismissed from this case.[2] Additionally, Plaintiff's good faith is evidenced by the fact that Plaintiff prevailed on a substantial number of issues throughout this litigation and that Plaintiff proposed entering into this stipulation, which obviates the need for further summary judgment briefing as to the remaining Defendants and accused devices. Accordingly, the Court in its wide discretion orders each party to bear its own costs.

## Conclusion

In accordance with the foregoing:

IT IS ORDERED that the Partially Agreed Motion for Entry of Final Judgment [#487] is GRANTED;

IT IS FURTHER ORDERED that each party shall bear its own costs; and

IT IS FINALLY ORDERED that Plaintiff's Motion for Summary Judgment that the Rabiner Reference Does Not Anticipate United States Patent No. 4,674,112 [#428] is DISMISSED AS MOOT at this time.[3]

SIGNED this the 2nd day of May 2007.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[2] Although most of the agreed orders dismissing such Defendants are silent as to the issue of costs, one of them explicitly provides that each party shall bear its own costs and attorneys' fees. [#480].

[3] If, after the appeal is decided, Plaintiff wishes to reurge this motion, it may do so by simply filing a pleading stating that it wishes to reurge the motion at that time.